IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:

Ali Homayounfar

                **Plaintiff**

v.

Vail Resorts, Inc.

                **Defendant**

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Ali Homayounfar, by and through counsel Feldman & Wertz, LLP, hereby asserts the following Complaint against Defendant Vail Resorts, Inc. stating as follows:

### I.  THE PARTIES

1. Plaintiff Ali Homayounfar ("Ali") is a resident of the State of New York.

2. Defendant Vail Resorts, Inc. ("Vail") is a corporation organized and under the laws of Delaware. Vail's principal office mailing address is 390 Interlocken Crescent, Broomfield, Colorado 8002.

### II. JURISDICTION AND VENUE

3. This is a personal injury premises liability case brought by Ali a resident of New York against Vail, a Delaware corporation with a principle office in Colorado. Ali's claims exceed $75,000. As such, pursuant to 28 U.S. Code §1332, this Court has diversity of citizenship subject matter jurisdiction over this action.

4.  The Court has personal jurisdiction over Defendant Vail as Vail's principal office is located in Colorado and venue is proper pursuant to 28 U.S.C. §§1391.

### III. FACTUAL ALLEGATIONS

5.  This civil action arises out of Ali's fall on March 23, 2015 which occurred on a walkway path owned and managed by Vail.

6.  Vail operates a ski resort in the town of Vail, Colorado.

7.  On the eastern side of Vail's ski resort is an area titled Golden Peak which includes, among other things, restaurants, ski lifts and a ski school center.

8.  On March 23, 2015 at approximately 8:45 am, Ali escorted his children to the Golden Peak ski school by taking a bus from within the town of Vail to the Golden Peak Ski School facility.

9.  Vail maintains a paved walking path that connects the Golden Peak Ski School to the town of Vail and this is the primary walking route to take heading back to the town of Vail from Golden Peak.

11. After dropping his children off at the ski school, Ali walked back toward Vail on this paved path in order to pick up his skis and other equipment being stored at a facility in the town of Vail to go skiing.

12. Ali was wearing suitable walking shoes and not wearing ski boots.

13. By March 23, 2015, it had not snowed in Vail for several days and for the preceding eighteen (18) days, Vail received a combined total of three (3) inches of snow with the majority of all days warm, clear and sunny.

14. The walkway path did not show any signs of accumulated snow or ice.

15. While walking on the walkway toward the town of Vail and on Vail's property, Ali stepped on clear ice which was unmarked and un-cleared by Vail and slipped and fell down.

16. At all relevant times, Vail was solely responsible for maintaining this walkway path for the safety of its visitors, employees and everyone else that reasonably would be using the walkway path.

17. As a direct and proximate result of Vail's acts and omissions, Ali suffered significant injuries, damages and losses.

## IV.  CLAIM FOR RELIEF

18. Paragraphs 1 through 17 above are incorporated here by this reference.

19. At all relevant to this complaint, Ali is classified as an invitee pursuant to C.R.S. §13-21-115(5) as he was on Vail's property to transact business in which the parties are mutually interested and in response to Vail's express or implied representation that the public is requested, expected or intended to enter or remain on Vail's property.

20. Vail is a landowner, as that term is defined and contemplated in C.R.S. §13-21-115.

21. Vail's failure to maintain or warn Ali as to the dangerous condition on the walkway path between the Golden Peak area and the town of Vail constituted an unreasonable failure to exercise reasonable care to protect invitees against dangers Vail either knew or should have known about.

22. Vail failed to provide a safe walkway path where Ali fell.

23. Vail failed to warn or provide any notice of any kind to Ali of the dangerous and unsafe condition of the walkway path.

24.     Vail violated the provisions of Colorado's Premises Liability Act in failing to use reasonable care to prevent a dangerous condition that Vail should have known existed or, should have become aware of with reasonable efforts knowing that many invitees on Vail's property would be using the walkway path.

26.     As a direct and proximate result of Vail's breach of the standard of care codified in Colorado Premises Liability Statute (C.R.S. §13-21-115), Ali suffered and continues to suffer injuries, damages, costs and losses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ali Homayounfar prays for judgment in favor of himself and against Defendant Vail Resorts, Inc. in an amount that would fully compensate him for all of his economic and non-economic damages, including but not limited to: pain, suffering, discomfort, impairment, loss of enjoyment of life, mental distress, disfigurement, medical expenses, past, present and future loss of income and other incidental and consequential damages and expenses. Plaintiff also requests pre and post-judgment interest, costs and such other relief as this Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

9/28/15

Respectfully Submitted:

Feldman & Wertz, LLP

By: *[signature]*
Alan Feldman, #31737
*Attorneys for Plaintiff*
215 S. Monarch Street, Suite 303
Aspen, CO 81611
(970)-925-1025

4